IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAYMOND JACKSON, #M50112,<br><br>            Plaintiff,<br><br>v.<br><br>SCOTT THOMPSON,<br><br>            Defendant. | Case No. 20-cv-00571-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Raymond Jackson, an inmate of the Illinois Department of Corrections who is currently incarcerated at Centralia Correctional Center, commenced this action by filing a motion for preliminary injunction. (Doc. 1). The motion was not signed, and a complaint was not filed, as is required by Federal Rule of Civil Procedure 3 when bringing a civil action. The Court denied the motion and informed Jackson that this action had not been properly initiated. He was ordered to submit a properly signed complaint by July 15, 2020. (Doc. 5). Additionally, Jackson was warned that the case would be dismissed if he failed to file a complaint by the deadline. (*Id.*).

Jackson missed the deadline. More than a week has passed since it expired, and he has not requested an extension or filed a complaint. The Court will not allow this matter to linger indefinitely. Accordingly, this action shall be dismissed without prejudice for failure to comply with a Court Order (Doc. 5) and for failure to prosecute. *See* FED. R. CIV. P. 41(b).

For these reasons, this action is **DISMISSED without prejudice**, based on Jackson's failure to comply with the Court's Order to file a complaint on or before July 15, 2020 (Doc.

5), and failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

Jackson is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Jackson wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Jackson may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(A)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   August 4, 2020**

　　　　　　　　　　　　　　　　　　　　　　  *s/ Nancy J. Rosenstengel*
　　　　　　　　　　　　　　　　　　　　　　**NANCY J. ROSENSTENGEL**
　　　　　　　　　　　　　　　　　　　　　　**Chief U.S. District Judge**